IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REDWOOD CAPITAL ADVISORS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENSACOLA CS HOTEL GROUP, LLC, )<br>)<br>Defendant. ) | Civil Action No: _____ |

## COMPLAINT

Plaintiff Redwood Capital Advisors, LLC ("RCA"), by counsel, sets forth the following as its Complaint in this matter:

## PARTIES

1. RCA is a Delaware limited liability company with its principal place of business in Pleasanton, California. RCA's members are entities organized in Delaware, Colarado and New York.

2. Pensacola CS Hotel Group, LLC ("Pensacola") is a Wisconsin limited liability company with its principal place of business in Jefferson, Wisconsin. Pensacola may receive service of process via its registered agent, Rian D. Gamble, at 255 S Jefferson Street, Waterloo, Wisconsin 53594. Upon information and belief, none of Pensacola's members are entities organized in, or individual residents of, Delaware, Colorado or New York.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Venue is proper pursuant to 28 U.S.C. § 1391 because Pensacola submitted to personal jurisdiction in the State of Delaware pursuant to the terms of the Promissory Note attached hereto as Exhibit A.

## FACTS

5.  In October, 2006, RCA advanced $200,000.00 in earnest money deposits to facilitate the purchase of a parcel of land located at 650 E. Burgess Road, Pensacola, Florida (the "Land") by Pensacola. RCA deposited this money into an escrow account for disbursement subject to certain conditions.

6.  Later, Pensacola directed the return of $100,000.00 of the earnest money to RCA.

7.  At the real estate closing on the Land, the escrow agent disbursed the remaining $100,000.00 to the seller. Pensacola, as the buyer, received the benefit of these funds. RCA acquired no ownership interest in the Land.

8.  On or about April 10, 2007, Pensacola executed a Promissory Note (the "Note") in the principal amount of $100,000.00 and delivered it to RCA. A copy of the Note is attached as Exhibit A.

9.  The Note is governed by the laws of the State of Delaware.

10. The Note states that it shall be due and payable on the first to occur of "(a) July 9, 2007, or (b) the sale, transfer, pledge or assignment of the Property."

11. An event of default is defined under the Note as, among other things, "[f]ailure of Maker to pay any sum due hereunder on the due date thereof."

12. Pursuant to Paragraph 5 of the Note, Pensacola agreed to pay a late charge of five percent (5%) of any payment not paid within ten (10) days of the due date. Additionally, Pensacola agreed to pay all reasonable costs and expenses incurred by RCA in collecting the Note.

13. Pursuant to Paragraph 1 of the Note, interest is payable on the unpaid balance at "the Applicable Federal Rate for short term loans compounding quarterly (as published from time to time in the Revenue Rulings issued by the Internal Revenue Service) plus two percent (2%) per annum, compounded quarterly, and shall be adjusted prospectively at the beginning of each calendar quarter" (the "Interest Rate").

14. Pensacola failed to pay the Note on or before July 9, 2007.

15. In fact, as of the date of this Complaint, Pensacola has failed and refused to pay the sum due under the Note.

## COUNT I: BREACH OF CONTRACT

16. RCA incorporates by reference its allegations contained in paragraphs 1-15 of the Complaint.

17. The Note constitutes a valid and binding contract between Pensacola and RCA.

18. Pensacola breached the Note by failing to repay the amount due by July 9, 2007.

19. As a direct, proximate and foreseeable result of Pensacola's breach of the terms of the Note, RCA has suffered damages in the amount of $100,000.00, plus a late fee of $5,000.00, plus interest calculated at the Interest Rate from April 10, 2007, and attorneys' fees and costs incurred by RCA in collecting the Note.

WHEREFORE, Redwood Capital Advisors, LLC, demands judgment against Pensacola CS Hotel Group, LLC in the amount of $105,000.00, plus interest at the Interest Rate from April 10, 2007, its attorneys' fees and costs incurred herein, and any further relief that the Court deems appropriate.

### COUNT II: UNJUST ENRICHMENT

20. RCA incorporates by reference its allegations contained in paragraphs 1-15 of the Complaint.

21. By reason of the foregoing, and alternatively, Pensacola has been unjustly enriched at RCA's expense in accepting the benefit of the $100,000.00 placed in escrow by RCA without compensating RCA.

22. Pensacola is liable to RCA in an amount equivalent to $100,000.00, plus prejudgment and post-judgment interest thereon.

WHEREFORE, Redwood Capital Advisors, LLC, demands judgment against Pensacola CS Hotel Group, LLC in the amount of $100,000.00, plus prejudgment and post-judgment interest at the statutory rate, and any further relief that the Court deems appropriate.

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Sarah E. DiLuzio (I.D. # 4085)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19801
Telephone: (302) 984-6000

Attorneys for Plaintiff Redwood Capital Advisors, LLC

Dated: December 14, 2007

# EXHIBIT A

## PROMISSORY NOTE

$100,000.00                                                             Jefferson, Wisconsin
                                                                                                 April 10, 2007

       For value received, PENSACOLA CS HOTEL GROUP, LLC, a Wisconsin limited liability company ("Maker"), promises to pay to REDWOOD CAPITAL ADVISORS, LLC, a Delaware limited liability company ("Holder"), or order, without offset, at 4309 Hacienda Drive, Suite 480, Pleasanton, California 94588 or such other place as Holder may designate in writing, the principal sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($100,000.00) in lawful money of the United States of America, plus interest in like money from the date hereof on the principal balance remaining unpaid from time to time at the Interest Rate (as defined below).

       1.     INTEREST RATE. Interest shall be payable on the unpaid balance at the Applicable Federal Rate for short term loans compounding quarterly (as published from time to time in the Revenue Rulings issues by the Internal Revenue Service) plus two percent (2%) per annum, compounded quarterly, and shall be adjusted prospectively at the beginning of each calendar quarter (the "Interest Rate").

       2.     PAYMENT TERMS. The indebtedness evidenced by this Note shall be due and payable, unless sooner paid, on the first to occur of (a) July 9, 2007, or (b) the sale, transfer, pledge or assignment of the Property (as defined below).

       3.     PREPAYMENT; APPLICATION OF PAYMENTS. The right is reserved to prepay all or any portion of the indebtedness evidenced hereby at any time or from time to time thereafter without penalty on any amount so prepaid. Any payment hereunder shall be applied first to costs and expenses of collection (if any), second against accrued interest and then against the unpaid principal.

       4.     EVENTS OF DEFAULT. Any of the following events shall constitute an Event of Default under this Note:

            (i)     Failure of Maker to pay any sum due hereunder on the due date thereof;

            (ii)    Failure of Maker to observe and perform any of its covenants, conditions, undertakings or agreements with respect to its obligations under this Note; or

            (iii)   Maker shall: (A) make an assignment for the benefit of creditors, or petition or apply to any tribunal for the appointment of a custodian, receiver, or trustee for it or a substantial part of its assets; or (B) commence any proceeding under any bankruptcy, reorganization, arrangements, readjustment of debt, dissolution, or liquidation law or statute of any jurisdiction, whether now or hereafter in effect; or (iii) have any such petition or application filed or any such proceeding commenced against it.

5. **WAIVERS AND ADDITIONAL COVENANTS.** Maker waives presentment, protest, and notice of dishonor and protest; waives the benefit of the homestead and all other exemptions as to this note; agrees to pay a late charge of five percent (5%) of any payment not paid within ten (10) days of the due date; and agrees to pay all reasonable costs and expenses incurred by the noteholder in collecting this note. Maker hereby represents to Holder that the indebtedness evidenced by this Note is for business purposes and no part of the proceeds of this Note will be used for personal, family or household purposes.

6. **COMPLIANCE WITH LAWS.** Nothing contained herein shall be construed or shall operate either presently or prospectively (a) to require the undersigned to pay interest at a rate greater than the then lawful rate for which the undersigned can contract, but shall require payment to be made only to the extent of such a lawful rate, or (b) to require the undersigned to make any payment or to take any action contrary to law.

7. **GOVERNING LAW; JURISDICTION; SERVICE.** The provisions of the Note shall be governed by the laws of the State of Delaware and shall be binding upon the successors and or assigns of the undersigned, holders in due course, and any other person who is or may become liable hereon or who has assumed or endorsed the obligation hereof (collectively, the "Bound Parties"). Its provisions shall inure to the benefit of all subsequent holders of this Note. Each of the Bound Parties irrevocably consents to personal jurisdiction and service of process in the State of Delaware.

8. **SEVERABILITY.** If any clause or provision hereof shall be deemed unlawful in whole or in part, then such clause or provision shall have no force or effect as though not herein contained and the remainder of this Note shall remain operative and in full force and effect.

9. **WAIVER OF RIGHT TO JURY TRIAL.** MAKER HEREBY WAIVES TRIAL BY JURY IN REGARD TO ANY CAUSES OF ACTION, CLAIMS, OBLIGATIONS, DAMAGES OR ANY COMPLAINTS WHICH BORROWER MAY HAVE RISING OUT OF THIS NOTE OR IN ANY ACTION OR PROCEEDING WHICH THE HOLDER HEREOF MAY BRING TO ENFORCE ANY PROVISION OF THIS NOTE. BY EXECUTION OF THIS NOTE, MAKER HEREBY REPRESENTS THAT MAKER HAS BEEN GIVEN THE OPPORTUNITY TO BE REPRESENTED BY COMPETENT COUNSEL TO FULLY AND COMPLETELY ADVISE BORROWER OF THE MEANING AND RAMIFICATIONS OF THE WAIVER OF THE RIGHT TO A TRIAL BY JURY.

10. **PURPOSE OF NOTE.** Maker makes this note to reimburse Holder for $100,000.00 that Holder deposited into the escrow account (the "Escrowed Funds") for the purchase of that certain vacant parcel of land located at 650 E. Burgess Rd., Pensacola, Florida (the "Property"). Maker has purchased the Property and has expensed the Escrowed Funds.

IN WITNESS WHEREOF, as of the date set forth above, Maker has duly executed this Note.

MAKER:

PENSACOLA CS HOTEL GROUP, LLC
a Wisconsin limited liability company

By: BADGER MIDWEST HOLDINGS, LLC, Member

By: _____
Robert C. Rehm, Chief Operating Officer

-3-

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
REDWOOD CAPITAL ADVISORS, LLC

### DEFENDANTS
PENSACOLA CS HOTEL GROUP, LLC

(b) County of Residence of First Listed Plaintiff: New Castle County, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Jefferson, Wisconsin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sarah E. DiLuzio, Esquire (302) 984-6279
Potter Anderson & Corroon LLP
1313 North Market Street, P. O. Box 951
Wilmington, DE 19801

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | x 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | x 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 620 Other Food & Drug |  | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 630 Liquor Laws |  | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | **PROPERTY RIGHTS** | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 830 Patent | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 690 Other | 840 Trademark | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | 875 Customer Challenge 12 USC 3410 |
| x 190 Other Contract | 360 Other Personal Injury | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | **PERSONAL INJURY** | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | 362 Personal Injury— Med. Malpractice | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 365 Personal Injury — Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 368 Asbestos Personal Injury Product Liability | 790 Other Labor Litigation | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 370 Other Fraud |  | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 371 Truth in Lending |  | 871 IRS—Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | 380 Other Personal Property Damage |  |  |  |
| **CIVIL RIGHTS** | 385 Property Damage Product Liability |  |  |  |
| 441 Voting | **PRISONER PETITIONS** |  |  |  |
| 442 Employment | 510 Motions to Vacate Sentence |  |  |  |
| 443 Housing/ Accommodations | Habeas Corpus: |  |  |  |
| 444 Welfare | 530 General |  |  |  |
| 440 Other Civil Rights | 535 Death Penalty |  |  |  |
|  | 540 Mandamus & Other |  |  |  |
|  | 550 Civil Rights |  |  |  |
|  | 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Contract Action between diverse parties, pursuant to 25 U.S.C. Section 1332

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 12/14/07

SIGNATURE OF ATTORNEY OF RECORD: /s/ Sarah E. DiLuzio

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **-07-820-**

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_____12/14/07_____          X _____[signature]_____
(Date forms issued)                   (Signature of Party or their Representative)

                                      _____JOHN D. RITTER_____
                                      (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action