IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REDWOOD CAPITAL ADVISORS, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 07-820 |
| PENSACOLA CS HOTEL GROUP, LLC, | ) ) |
| Defendant. | ) |

**ANSWER**

NOW COMES the Defendant, Pensacola CS Hotel Group, LLC, by its undersigned attorneys, and for its Answer to Plaintiff's Complaint states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to its proof thereon.

2. Admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The allegations in Paragraph 3 are legal conclusions for which an Answer is not necessary or required; to the extent and answer is deemed necessary or required, denies the same and puts Plaintiff to its proof thereon.

4. The allegations in Paragraph 4 are legal conclusions for which an Answer is not necessary or required; to the extent and answer is deemed necessary or required, denies the same and puts Plaintiff to its proof thereon.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to its proof thereon.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to its proof thereon.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to its proof thereon.

8. In answering Paragraph 8 of Plaintiff's Complaint, admits that Defendant executed a Promissory Note in the amount of $100,000.00 on April 10, 2007, a copy of which is attached to Plaintiff's Complaint as Exhibit A. Denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to its proof thereon.

9. Admits the allegations contained in Paragraph 9 of Plaintiff's Complaint. Affirmatively alleges that Exhibit A to Plaintiff's Complaint speaks for itself.

10. Admits the allegations contained in Paragraph 10 of Plaintiff's Complaint. Affirmatively alleges that Exhibit A to Plaintiff's Complaint speaks for itself.

11. Admits the allegations contained in Paragraph 11 of Plaintiff's Complaint. Affirmatively alleges that Exhibit A to Plaintiff's Complaint speaks for itself.

12. Admits the allegations contained in Paragraph 12 of Plaintiff's Complaint. Affirmatively alleges that Exhibit A to Plaintiff's Complaint speaks for itself.

13. Admits the allegations contained in Paragraph 13 of Plaintiff's Complaint. Affirmatively alleges that Exhibit A to Plaintiff's Complaint speaks for itself.

14. Admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. In answering Paragraph 15 of Plaintiff's Complaint, admits that Defendant has not paid the amount due under the Promissory Note. Denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to its proof thereon.

16. In answering Paragraph 16 of Plaintiff's Complaint, Defendant realleges and incorporates by reference the preceding Paragraphs of its Answer as if fully set forth herein.

17. The allegations in Paragraph 17 are legal conclusions for which an Answer is not necessary or required; to the extent and answer is deemed necessary or required, denies the same and puts Plaintiff to its proof thereon.

18. Denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

20. In answering Paragraph 20 of Plaintiff's Complaint, Defendant realleges and incorporates by reference the preceding Paragraphs of its Answer as if fully set forth herein.

21. Denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Further answering by way of an affirmative defense applicable to all claims for relief, Defendant alleges Plaintiff's Complaint fails to state a claim upon which relief may be granted.

24. Further answering by way of an affirmative defense applicable to all claims for relief, Defendant alleges Plaintiff's actions resulted in an increased price for the property

described in Plaintiff's Complaint which, in whole or in part, resulted in Defendant's inability to pay Plaintiff.

26. Further answering by way of an affirmative defense applicable to all claims for relief, Defendant alleges Plaintiff may have failed to mitigate its damages as required by law.

26. Further answering by way of an affirmative defense applicable to all claims for relief, Defendant alleges some or all of the Promissory Note is unenforceable.

WHEREFORE, Defendant demands judgment against Plaintiff dismissing Plaintiff's Complaint on its merits, with prejudice and with costs, and awarding Defendant such other relief the Court deems just and appropriate.

Dated this 7th day of January, 2008.

      /s/ Beth H. Christman
BETH H. CHRISTMAN, ESQUIRE
I.D. No. 2107
Casarino, Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant

OF COUNSEL:

AXLEY BRYNELSON, LLP

Lori M. Lubinsky
Attorneys for Defendant
   Pensacola CS Hotel Group, LLC
P.O. Box 1767
Madison, WI 53701-1767
(608) 257-5661

## **CERTIFICATE OF SERVICE**

I, BETH H. CHRISTMAN, hereby certify that I have E-FILED on this **7th** day of **January, 2008**, true and correct copies of the attached Defendant's Answer addressed to:

> Sarah E. DiLuzio, Esquire
> Hercules Plaza, 6th Floor
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE  19801

>    /s/ Beth H. Christman
> BETH H. CHRISTMAN, ESQUIRE
> I.D. No. 2107
> Casarino, Christman & Shalk, P.A.
> 800 North King Street, Suite 200
> P.O. Box 1276
> Wilmington, DE  19899
> (302) 594-4500