

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Sarah E. DiLuzio**
Attorney at Law
sdiluzio@potteranderson.com
302 984-6279 Direct Phone
302 658-1192 Fax

January 22, 2008

**VIA HAND DELIVERY**

The Honorable Mary Pat Thynge
United States District Court
844 King Street, Lock Box 8
Wilmington, Delaware 19801

    Re:   **Redwood Capital Advisors, LLC v. Pensacola CS Hotel Group, LLC, C.A. No. 07-820 (***MPT)**

Dear Judge Thynge:

    Pursuant to our discussion during today's scheduling teleconference, enclosed please find the revised scheduling order. The parties will consult and inform Your Honor no later than January 30, 2008 whether there is joint consent to Magistrate Judge jurisdiction or interest in alternative dispute resolution.

    Respectfully,

    Sarah E. DiLuzio
    (Delaware Bar I.D. 4085)

Enclosure

cc:  Clerk of the Court (Electronic filing via CM/ECF)
      Beth H. Christman, Esq. (via e-mail)

843708/32508

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REDWOOD CAPITAL ADVISORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 07-820 ***-MPT |
| | ) | |
| v. | ) | |
| | ) | |
| PENSACOLA CS HOTEL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

This _____ day of January, 2008, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) January 22, 2008,

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **February 1, 2008**.

3. <u>Discovery</u>

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **40** hours of taking testimony by deposition upon oral examination for fact witnesses.

b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **July 22, 2008**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 22, 2008**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 23, 2008**. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e. <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forth-eight (48) hours prior to the

conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reason for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the

3

party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process</u>. To be discussed during the Rule 16 scheduling conference.

7. <u>Interim Status Report</u>. On <u>June 4, 2008</u>, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On <u>June 11, 2008</u>, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 8:30 A.M. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **August 5, 2008**. Briefing will be presented pursuant to the Court's Local Rules. If no case dispositive motions have been filed by this deadline, counsel shall notify the Court in order to schedule a teleconference with the Court to discuss a possible modification of the remaining dates on the Scheduling Order.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the

Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion shall contain the statement required by local Rule 7.1.1.

11. <u>Pretrial Conference</u>. On _____, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:00 A.M. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____.

12. <u>Motions in Limine</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14. <u>Trial</u>.  This matter is scheduled for a 2 day jury trial beginning at 9:30 A.M. on _____, with the remaining trial days beginning at 9:00 A.M.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of __ hours to present their case.

 

_____
UNITED STATES MAGISTRATE JUDGE

843109