

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Sarah E. DiLuzio
Attorney at Law
sdiluzio@potteranderson.com
302 984-6279 Direct Phone
302 778-6279 Fax

June 4, 2008

By CM/ECF

The Honorable Mary Pat Thynge
United States District Court
844 King Street, Lock Box 8
Wilmington, Delaware 19801

    Re:    Redwood Capital Advisors, LLC v. Pensacola CS Hotel Group LLC,
           C.A. No. 07-820 (MPT)

Dear Magistrate Judge Thynge:

       On behalf of the parties to the captioned litigation and pursuant to the Court's Scheduling Order entered in this action on February 4, 2008, Plaintiff Redwood Capital Advisors, LLC ("RCA") hereby submits this joint interim status report. Defendant Pensacola CS Hotel Group, LLC ("Pensacola") has reviewed and joins in this report.

       This is an action brought by RCA to collect on a Promissory Note executed by Pensacola. Pensacola admits that it executed the Promissory Note but denies that any amount is currently due and owing to RCA. To date, the parties have conducted extensive settlement discussions and are hopeful that they can resolve all of the issues in the case on their own. The parties do not believe that a court conducted settlement conference is needed at this time.

       There is one issue that RCA would like to bring to the Court's attention. Pensacola has asked for a jury trial; however, in the Promissory Note, Pensacola expressly waived its right to a jury trial with regard to "any action or proceeding which the holder hereof may bring to enforce any provision of this Note." Promissory Note § 9. I have attached a copy of the Promissory Note for the Court's convenience. RCA reserves the right to file a motion to strike Pensacola's jury demand if the parties are unable to settle this case. Other than this issue, there are no discovery matters that require the Court's attention at this time.

The Honorable Mary Pat Thynge
United States District Court
June 4, 2008
Page 2

       Counsel are available at the Court's convenience to discuss any questions, and look forward to the June 11, 2008 telephonic status conference, which will be initiated by the RCA's counsel.

       Respectfully,

       Sarah E. DiLuzio (#4085)

Enclosure

cc:   Clerk of the Court (w/enclosure)
      Lori M. Lubinsky, Esquire (w/enclosure)

867653 / 32508

# PROMISSORY NOTE

$100,000.00

Jefferson, Wisconsin
April 10, 2007

For value received, PENSACOLA CS HOTEL GROUP, LLC, a Wisconsin limited liability company ("Maker"), promises to pay to REDWOOD CAPITAL ADVISORS, LLC, a Delaware limited liability company ("Holder"), or order, without offset, at 4309 Hacienda Drive, Suite 460, Pleasanton, California 94588 or such other place as Holder may designate in writing, the principal sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($100,000.00) in lawful money of the United States of America, plus interest in like money from the date hereof on the principal balance remaining unpaid from time to time at the Interest Rate (as defined below).

1. INTEREST RATE. Interest shall be payable on the unpaid balance at the Applicable Federal Rate for short term loans compounding quarterly (as published from time to time in the Revenue Rulings issued by the Internal Revenue Service) plus two percent (2%) per annum, compounded quarterly, and shall be adjusted prospectively at the beginning of each calendar quarter (the "Interest Rate").

2. PAYMENT TERMS. The indebtedness evidenced by this Note shall be due and payable, unless sooner paid, on the first to occur of (a) July 9, 2007, or (b) the sale, transfer, pledge or assignment of the Property (as defined below).

3. PREPAYMENT; APPLICATION OF PAYMENTS. The right is reserved to prepay all or any portion of the indebtedness evidenced hereby at any time or from time to time thereafter without penalty on any amount so prepaid. Any payment hereunder shall be applied first to costs and expenses of collection (if any), second against accrued interest and then against the unpaid principal.

4. EVENTS OF DEFAULT. Any of the following events shall constitute an Event of Default under this Note:

   (i) Failure of Maker to pay any sum due hereunder on the due date thereof;

   (ii) Failure of Maker to observe and perform any of its covenants, conditions, undertakings or agreements with respect to its obligations under this Note; or

   (iii) Maker shall (A) make an assignment for the benefit of creditors, or petition or apply to any tribunal for the appointment of a custodian, receiver, or trustee for it or a substantial part of its assets; or (B) commence any proceeding under any bankruptcy, reorganization, arrangements, readjustment of debt, dissolution, or liquidation law or statute of any jurisdiction, whether now or hereafter in effect; or (iii) have any such petition or application filed or any such proceeding commenced against it.

5. **WAIVERS AND ADDITIONAL COVENANTS.** Maker waives presentment, protest, and notice of dishonor and protest; waives the benefit of the homestead and all other exemptions as to this note; agrees to pay a late charge of five percent (5%) of any payment not paid within ten (10) days of the due date; and agrees to pay all reasonable costs and expenses incurred by the noteholder in collecting this note. Maker hereby represents to Holder that the Indebtedness evidenced by this Note is for business purposes and no part of the proceeds of this Note will be used for personal, family or household purposes.

6. **COMPLIANCE WITH LAWS.** Nothing contained herein shall be construed or shall operate either presently or prospectively (a) to require the undersigned to pay interest at a rate greater than the then lawful rate for which the undersigned can contract, but shall require payment to be made only to the extent of such a lawful rate, or (b) to require the undersigned to make any payment or to take any action contrary to law.

7. **GOVERNING LAW; JURISDICTION; SERVICE.** The provisions of the Note shall be governed by the laws of the State of Delaware and shall be binding upon the successors and or assigns of the undersigned, holders in due course, and any other person who is or may become liable hereon or who has assumed or endorsed the obligation hereof (collectively, the "Bound Parties"). Its provisions shall inure to the benefit of all subsequent holders of this Note. Each of the Bound Parties irrevocably consents to personal jurisdiction and service of process in the State of Delaware.

8. **SEVERABILITY.** If any clause or provision hereof shall be deemed unlawful in whole or in part, then such clause or provision shall have no force or effect as though not herein contained and the remainder of this Note shall remain operative and in full force and effect.

9. **WAIVER OF RIGHT TO JURY TRIAL.** MAKER HEREBY WAIVES TRIAL BY JURY IN REGARD TO ANY CAUSES OF ACTION, CLAIMS, OBLIGATIONS, DAMAGES OR ANY COMPLAINTS WHICH BORROWER MAY HAVE RISING OUT OF THIS NOTE OR IN ANY ACTION OR PROCEEDING WHICH THE HOLDER HEREOF MAY BRING TO ENFORCE ANY PROVISION OF THIS NOTE. BY EXECUTION OF THIS NOTE, MAKER HEREBY REPRESENTS THAT MAKER HAS BEEN GIVEN THE OPPORTUNITY TO BE REPRESENTED BY COMPETENT COUNSEL TO FULLY AND COMPLETELY ADVISE BORROWER OF THE MEANING AND RAMIFICATIONS OF THE WAIVER OF THE RIGHT TO A TRIAL BY JURY.

10. **PURPOSE OF NOTE.** Maker makes this note to reimburse Holder for $100,000.00 that Holder deposited into the escrow account (the "Escrowed Funds") for the purchase of that certain vacant parcel of land located at 650 E. Burgess Rd., Pensacola, Florida (the "Property"). Maker has purchased the Property and has expensed the Escrowed Funds.

-2-

Note.  IN WITNESS WHEREOF, as of the date set forth above, Maker has duly executed this Note.

MAKER:

PENSACOLA CS HOTEL GROUP, LLC
a Wisconsin limited liability company

By: BADGER MIDWEST HOLDINGS, LLC, Member

By: _____
Robert C. Rehm, Chief Operating Officer

-3-